IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVARIUS LAVALLE RIGGINS,

                 Plaintiff,

  v.

SCHMIDT'S AUTO INC.,

                 Defendant.

ORDER

19-cv-344-jdp

---

Pro se plaintiff Davarius Lavalle Riggins alleges that defendant Schmidt's Auto Inc. took his car on the orders of the Madison Police Department. He says that this was an unlawful seizure under the Fourth Amendment to the United States Constitution and that Schmidt's illegally demanded ransom for the return of his car.

The court has granted Riggins leave to proceed *in forma pauperis*, Dkt. 6, and I must now screen his complaint. If his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, I must dismiss his complaint. 28 U.S.C. § 1915. I must construe his pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). His complaint doesn't have to correctly identify a particular legal theory, but it must contain allegations that, if they were true, would entitle the plaintiff to relief. Fed. R. Civ. P. 8(a)(2); *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014). A complaint that only offers legal conclusions must be dismissed. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Riggins says that Schmidt's seized his car in violation of the Fourth Amendment. Dkt. 1, at 4. He also says Schmidt's demanded ransom from him before it would return his car, which he says violates 18 U.S.C. § 1202. *Id.* But this statute applies only to kidnapping, *see*

18 U.S.C. §§ 1201, 1202(a), so it isn't applicable here, and I can't think of any other viable federal claim against Schmidt's other than a Fourth Amendment claim.

A federal statute, 42 U.S.C. § 1983, allows civil lawsuits against government officials who violate rights under federal law. A private individual can violate the Fourth Amendment and be liable under § 1983 when he or she acts under "color of law," meaning that he or she is "jointly engaged with state officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). To make this kind of claim, a plaintiff must allege that there was a concerted effort between the private individual and state officials. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Such a claim will require more than an allegation that the individuals towed the plaintiff's car at the direction of the police. *Gardipee v. Cavil*, No. 18-cv-1314-pp, 2018 WL 4705853, *5 (E.D. Wis. Oct. 1, 2018).

A private corporation that contracts to provide essential government services is not liable for its employees' constitutional violations "unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Private corporations aren't vicariously liable for their employees' actions under § 1983.[1] *Id.*

A complaint under § 1983 must identify the corporation's unconstitutional policy or it must name the particular person who is responsible for the constitutional violation. Riggins's complaint names only Schmidt's as a defendant, but it doesn't allege that Schmidt's has any unconstitutional policy or custom. It only says that Schmidt's seized Riggins's car illegally and

---

[1] The Court of Appeals has questioned the wisdom of this requirement, but it hasn't overturned it, so it is still the law. *See Shields*, 746 F.3d at 789–96.

required payment before it would give it back to him. This isn't enough to state a Fourth Amendment claim.

But rather than dismissing Riggins's complaint out of hand, I'll give him a short period in which to file an amended complaint. Under Federal Rule of Civil Procedure 8(a)(2), the amended complaint must provide "a short and plain statement of [Riggins's] claim showing that [Riggins] is entitled to relief." Under Rule 8(d)(1), "[e]ach allegation must be simple, concise, and direct." The purpose of these requirements is to give the defendant fair notice of the plaintiff's claim. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

So Riggins's amended complaint must either (1) name individual defendants involved in towing his car and allege a concerted effort between those defendants and state officials; or (2) describe a policy or custom of Schmidt's that Riggins alleges is unconstitutional. (To name individual defendants, Riggins doesn't have to know the name of the person or persons who towed his car; he can simply name one or more "John Does" as defendants and the court will help him identify them through discovery.)

Riggins's complaint is accompanied by several filings regarding his purported rights as a "sovereign citizen." Dkts. 2–4. As I told Riggins in another case, *Riggins v. Berz*, No. 17-cv-481-jdp (W.D. Wis. Aug. 24, 2017), the Court of Appeals has summarily rejected theories of sovereign citizenship, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). If any of his claims depend solely on such theories, I will not consider them.

ORDER

IT IS ORDERED that Plaintiff Davarius Lavalle Riggins's complaint is DISMISSED without prejudice for failure to state a claim. Riggins may have until October 1, 2019, to file an amended complaint. If Riggins doesn't file a suitable amended complaint by this date, I will direct the clerk of court to close the case.

Entered September 10, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge