IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVARIUS LAVALLE RIGGINS,

               Plaintiff,

  v.

SCHMIDT'S AUTO INC.,

               Defendant.

ORDER

19-cv-344-jdp

---

      Plaintiff Davarius Lavalle Riggins, appearing pro se, filed this lawsuit alleging that defendant Schmidt's Auto Inc. seized his car under orders from the Madison Police Department and demanded ransom for its return. Dkt. 1. Riggins alleges that Schmidt's violated the Fourth Amendment to the United States Constitution and 18 U.S.C. § 1202, which concerns ransom money. I screened Riggins's complaint as required by 28 U.S.C. § 1915. Dkt. 8. I determined that his complaint didn't state a claim under the Fourth Amendment, § 1202 (which applies only to kidnapping), or any other federal law that I could think of. *Id.*

      I explained the types of situations in which the Fourth Amendment might apply to a private company such as Schmidt's and allowed Riggins to file an amended complaint. Riggins has filed a supplement to his complaint, Dkt. 12, but it does not address his Fourth Amendment claim. Instead, Riggins repeats his allegation that Schmidt's violated § 1202 by taking his car and demanding money before returning it.

      Riggins's car is not a person, so he can't state a claim against Schmidt's under federal kidnapping statutes. If Riggins had alleged that Schmidt's stole his car, that would state a state-law claim such as theft, but this court doesn't have jurisdiction over a complaint that raises only state-law claims. So I will dismiss his complaint under Federal Rule of Civil

Procedure 8(a)(2) for failure to state a claim upon which relief may be granted. *See Paul v. Marberry*, 658 F.3d 702, 704–06 (7th Cir. 2011) (dismissal for failure to state a claim is proper if plaintiff fails to correct pleading that violates Rule 8(a)(2)).

ORDER

IT IS ORDERED that this case is DISMISSED with prejudice for plaintiff Davarius Lavalle Riggins's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment and close this case.

Entered December 3, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge